# In the United States Court of Federal Claims

No. 11-203T
(Filed: October 14, 2011)

```
*************************************
ERIC & JOANN WASSON,                *
                                    *
            Plaintiffs,             *
                                    *   Income Tax Refund; Business Theft Loss;
v.                                  *   Net Operating Loss Carryback; Jurisdiction;
                                    *   Flora Full Payment Rule
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Terri A. Merriam, Seattle, WA, for plaintiffs.

David A. House, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

Plaintiffs seek a refund of federal income taxes paid for the 1995 and 1998 tax years. Defendant moves to dismiss plaintiffs' refund claim for the 1995 tax year for lack of jurisdiction. For the reasons set forth below, the court grants defendant's motion.

**I. BACKGROUND**

The tax refunds sought by plaintiffs relate to their investment in certain cattle partnerships organized, promoted, and operated by Walter J. Hoyt, III.[1] Although the Hoyt livestock operation had a long-established, top-quality reputation, in 2001 Mr. Hoyt was convicted on fifty-two counts, including counts of aiding and abetting, conspiracy, bankruptcy fraud, mail fraud, and money laundering. Plaintiffs were specifically identified as victims of Mr. Hoyt's fraud.

On April 11, 2002, plaintiffs filed an amended income tax return for the 1998 tax year claiming a business theft loss and seeking a refund of $9,500. The recalculation of their 1998 income taxes resulted in a net operating loss that plaintiffs carried back to 1995. Thus, along

---

[1] The facts in this section are derived from plaintiffs' complaint and the exhibits attached to both defendant's motion to dismiss and plaintiffs' response in opposition.

with their 1998 amended return, plaintiffs submitted an amended return for the 1995 tax year, claiming a refund of $2,939.

Plaintiffs had filed their original income tax return for the 1995 tax year on April 15, 1996. In 1999, the Internal Revenue Service ("IRS") assessed additional taxes against plaintiffs for 1995. It subsequently abated those taxes in 2006. In 2007, however, the IRS made another assessment of taxes against plaintiffs for 1995, abating only some of that amount in 2010. The IRS contends that plaintiffs still owe $9,092 in taxes, plus interest and penalties, for the 1995 tax year.

On March 30, 2009, the IRS disallowed plaintiffs' refund claim for the 1998 tax year, asserting that plaintiffs submitted their claim more than three years after they filed their return. Plaintiffs protested the disallowance to the IRS Office of Appeals, but no action has been taken on the appeal. Accordingly, plaintiffs filed suit in this court, seeking the requested refunds.

## II. DISCUSSION

Defendant filed a motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. In its motion, defendant sought dismissal of the entire complaint on statute of limitations grounds and asserted an alternate ground for the dismissal of plaintiffs' 1995 refund claim. Defendant subsequently withdrew its statute of limitations argument. Therefore, the sole issue before the court is whether it has jurisdiction over plaintiffs' refund claim for the 1995 tax year.

### A. Legal Standard

In ruling on a motion to dismiss, the court generally assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, if a defendant challenges the factual basis of the court's jurisdiction, contested allegations in the complaint are not controlling. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). Rather, the plaintiff must come forward with a preponderance of evidence in support of its jurisdictional allegations. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The court may therefore look to evidence outside of the pleadings to determine the existence of subject matter jurisdiction. Land v. Dollar, 330 U.S. 731, 735 & n.4 (1974). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Subject Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and

dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the court's subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of this court to hear and decide suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Congress has explicitly waived sovereign immunity for tax refund suits. 26 U.S.C. § 7422 (2006); 28 U.S.C. § 1346(a)(1) (2006); Chi. Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). However, the jurisdiction of the United States Court of Federal Claims ("Court of Federal Claims") to entertain tax refund suits is limited to those situations where the taxpayer has complied with the provisions of the Internal Revenue Code. See 26 U.S.C. § 7422(a); United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008); Chi. Milwaukee Corp., 40 F.3d at 374. It is also limited by the "full payment rule," which requires taxpayers to fully pay the taxes at issue prior to bringing suit for a refund. Flora v. United States, 357 U.S. 63, 75 (1958); accord Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993) ("The Flora full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action . . . .").

### C. The Court Lacks Jurisdiction Over Plaintiffs' 1995 Refund Claim

Defendant contends that because plaintiffs have not fully paid the income taxes assessed against them for the 1995 tax year, the court lacks jurisdiction over their refund claim for that year. Plaintiffs respond that full payment of their 1995 income taxes is not required. They explain that a successful refund claim for the 1998 tax year would result in a net operating loss that they would be required by statute to carry back to 1995. Thus, they assert, so long as the court has jurisdiction over their 1998 refund claim, it can entertain their 1995 refund claim. The court must therefore determine whether plaintiffs are required to separately establish jurisdiction for a refund claim that arises, by operation of law, from another refund claim over which the court possesses jurisdiction. More particularly, must plaintiffs fully prepay the taxes for the year in which they claim a refund based on a net operating loss carryback? The answer to this question is "yes."

While there is no binding precedent with the precise factual circumstances presented here, the court finds that the Flora full payment rule controls the outcome of plaintiffs' 1995 refund claim and that its decision is supported by other case law.[2] In Frise v. United States, the taxpayer

---

[2] The court confines its discussion to published decisions, but notes that in Snyder v. United States, an unpublished decision issued by the United States Court of Appeals for the Fourth Circuit, the taxpayers sought to avoid Flora's jurisdictional limitation by arguing that "their action for a refund [was] based upon subsequent loss carrybacks . . . ." 539 F.2d 706 (4th Cir. 1976) (per curiam) (unpublished table decision). The court found this argument to be

filed an income tax return for the 1976 tax year indicating that he was owed a refund. 5 Cl. Ct. 488, 489 (1984). The IRS subsequently assessed a deficiency for 1976 that the taxpayer did not pay. Id. In 1978, the taxpayer sustained a net operating loss that he carried back to 1976. Id. He therefore filed an amended return for 1976 reflecting a decrease in the amount of his tax liability. Id. When the IRS declined to reduce his 1976 tax liability, the taxpayer filed suit. Id. at 490. In granting the government's motion to dismiss, the court applied the full payment rule set forth in Flora and held that the taxpayer's failure to pay the 1976 assessment in full precluded it from exercising jurisdiction over his suit. Id.

In Koss v. United States, the IRS assessed an income tax deficiency against the taxpayers for the 1974 tax year that the taxpayers did not pay. 59 F.3d 705, 706 (3d Cir. 1995). Subsequently, in 1991, the taxpayers filed an amended return for 1977 reflecting a loss on stock that had become worthless, as well as an amended return for 1974 reflecting the resulting net operating loss carryback. Id. at 707. When the IRS declined to make the requested adjustments, the taxpayers filed suit in federal district court. Id. The district court dismissed the taxpayers' complaint for lack of jurisdiction on statute of limitations grounds. Id. On appeal, the United States Court of Appeals for the Third Circuit agreed that the taxpayers' refund claim for 1977 was filed outside the relevant limitations period. Id. at 707-08. It further held that due to the outstanding tax deficiency, the taxpayers' refund claim for 1974 was barred by the full payment rule described in Flora. Id. at 708. And, the court stated, even had the taxpayers paid the full amount of their taxes for 1974, they failed to file their claim within the limitations period applicable to net operating loss carrybacks.[3] Id.

The court recognizes that the two cases described above differ in some respect from this case. In Frise, the taxpayer's suit did not contain a refund claim for the year in which he sustained the net operating loss. And in Koss, neither of the taxpayers' refund claims–for the year in which they sustained the net operating loss and the year of the carryback–were filed within the relevant limitations period. Nevertheless, both stand for the proposition that taxpayers are required to pay their taxes in full for the year they are claiming a net operating loss carryback prior to initiating suit in the Court of Federal Claims.

In support of its argument that this court possesses jurisdiction over its 1995 refund claim, plaintiffs rely on Geurkink Farms, Inc. v. United States, 452 F.2d 643 (7th Cir. 1971) (per curiam). Plaintiff's reliance is misplaced. In Geurkink Farms, Inc., the taxpayer filed an amended income tax return for the 1962 fiscal year reflecting a net operating loss carryback to the 1959 fiscal year. Id. at 644. The IRS subsequently assessed a deficiency for the 1962 fiscal

---

"without merit," explaining that regardless of how they characterized their claim, the taxpayers were still "seeking refunds for years in which there [were] outstanding unpaid assessments." Id.

[3] Refund claims relating to a net operating loss carryback must be filed within three years of the due date for the filing of the return for the year of the net operating loss. 26 U.S.C. § 6511(d)(2)(A).

year that the taxpayer did not pay.  Id.  Instead, it filed suit in federal district court seeking a refund for fiscal year 1962.  Id.  The district court dismissed the taxpayer's complaint because it had not fully prepaid its taxes for the 1962 fiscal year.  Id.  The United States Court of Appeals for the Seventh Circuit affirmed.  Id. at 645.

Plaintiffs interpret the holding of the appellate court in Geurkink Farms, Inc.–that full payment of income taxes for the year in which the net operating loss was sustained is a jurisdictional prerequisite for maintaining a refund suit for that year–as indicating that the full payment of income taxes for the year of the net operating loss carryback is not required to maintain a suit for the carryback year.  Plaintiffs' contention is a non sequitur; merely because full payment is required before a refund claim can be filed for the year of the net operating loss, it does not follow that full payment is not required for the year of the net operating loss carryback.  Moreover, plaintiffs' interpretation finds no support in the appellate court's decision because the appellate court never addressed the taxpayer's refund claim for the carryback year; indeed, there is no indication in the decision that the taxpayer sought a refund for the carryback year.

In sum, Flora dictates that taxpayers seeking a refund based on a net operating loss carryback are required to prepay in full their income taxes for the carryback year.  Because plaintiffs have not fully paid their assessed income taxes for 1995, the court lacks jurisdiction over their refund claim for that year.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion to dismiss with respect to the 1995 tax year.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney  
MARGARET M. SWEENEY  
Judge